```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

WILLIAM BROWN,

        Plaintiff,

   v.

COLLINGSWOOD POLICE DEPARTMENT
and ERIC ROSEBORO,

        Defendants.

HON. JEROME B. SIMANDLE

Civil No. 09-2879 (JBS/KMW)

**MEMORANDUM OPINION**

**SIMANDLE**, District Judge:

    This matter is before the Court on Plaintiff's motion for default judgment [Docket Item 20] and a motion by Defendants Collingswood Police Department and Eric Roseboro ("Defendants"), to vacate default entered against Defendant. [Docket Item 27.] THE COURT FINDS AS FOLLOWS:

    1. Plaintiff alleges that, on April 5, 2009, while in custody of the Collingswood Police Department, he was assaulted by two Collingswood police officers, including choking, punching and kneeing Plaintiff in the torso. (Am. Compl. at 15) [Docket Item 4.] He alleges that one of these police officers was Defendant Eric Roseboro. He further alleges that during the assault, the officers yelled racial epithets at him while other police officers looked on and did not intervene. Plaintiff seeks damages and injunctive relief, apparently under 42 U.S.C. § 1983.

(Am. Compl. at 16).  Plaintiff filed his Complaint on June 12, 2009, and his Amended Complaint on July 13, 2009.

2.  After a series of administrative delays, on May 27, 2010, United States Marshals served a summons and the Amended Complaint on Defendant Eric Roseboro and the Collingswood Police Department, service being accepted by a Lt. Dana J. Saxton for both parties.  [Docket Item 18.]  On August 16, 2010, Plaintiff filed his motion for default judgment, which this Court treated as a request for entry of default.  [Docket Item 21.]  The Court thereupon entered default against Defendants Collingswood Police Department and Eric Roseboro, and further ordered Plaintiff to serve his motion for default judgment on Defendants.  On September 21, 2010, Plaintiff's motion for default judgment was received by Defendants. [Docket Item 26.]

3.  On October 5, 2010, Defendants filed their motion to vacate default and for leave to answer. [Docket Item 27.] Defendants argue that because service for both parties was accepted by Lt. Dana Saxton, a person not authorized to accept service on behalf of either Defendant, that service was invalid under Fed. R. Civ. P. 4.  Defendants further argue that service was improper on Defendant Collingswood Police Department because, under New Jersey Law, a municipal police department is not a separate entity from the municipality itself, and therefore the proper defendant is the Borough of Collingswood.  Consequently,

2

Defendants argue, default should be vacated for "good cause" under Fed. R. Civ. P. 55(c).

4. Plaintiff responds that these Defendants were aware of complaints Plaintiff has made regarding his treatment to other entities, such as the Collingswood Police Internal Affairs unit. Plaintiff consequently argues that his attempts via the U.S. Marshals to effect proper service should be deemed sufficient under Rule 4 and due process, citing to Electronics Boutique Holdings Corp. v. Zuccarini, Civ. No. 00-4055, 2001 WL 83388, at *7 (E.D. Pa. Jan. 25, 2001).

5. The Federal Rules of Civil Procedure provide that "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The United States Court of Appeals for the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits," though "the decision to vacate a default judgment is left to the sound discretion of the trial court." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988). In exercising this discretion, the Court must consider (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable. United States v. $ 55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984). Any doubts should be resolved in favor of setting aside the default

and reaching a decision on the merits. Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983). Applying these factors to the instant case, the Court determines that default should be vacated.

6. Plaintiff will not be prejudiced if default is set aside. Prejudice may be shown if "the non-defaulting party's ability to pursue the claim has been hindered since the entry of the default judgment." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982). "[L]oss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the [default] judgement" may support finding of prejudice. Id. In this case, the default judgment has not yet been entered. Furthermore, Plaintiff has not suggested any reliance or loss of evidence that would prejudice his claim if the default is vacated. See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (discussing lack of evidence that plaintiff would be prejudiced by vacating the default). The Court notes that Defendants, in their motion to vacate default, represent to the Court that they will answer, move, or otherwise reply to the Amended Complaint if the default is vacated. (Defs.' Br. in Opposition at 6.) Allowing Defendants to answer the Amended Complaint will not lead to loss of evidence or increased potential for fraud or collusion. Instead, it will enable the Court to reach a decision on the merits of the case, which is

encouraged by the policy of this Circuit.  Thus, the Court finds that the Plaintiffs will not be prejudiced if the default is vacated.

7.  Further, it is uncontested that service in this matter did not comport with the requirements of Rule 4.  Defendant Eric Roseboro, an individual, was not served in accordance with Rule 4(e) because service was accepted by Lt. Saxton, someone not apparently Mr. Roseboro's designated service agent at his place of work.  The summons and Amended Complaint for Defendant Borough of Collingswood was also accepted by Lt. Saxton, in a manner not complying with Rule 4(j)(2).  Plaintiff argues that this improper service should be waived due to the efforts of Defendants to "becloud their identity".  This argument is unavailing in this case as there is no evidence that the Defendants intentionally evaded service, as was the case in <u>Electronics Boutique</u>, 2001 WL 83388 at *8.  Consequently, the Court cannot, consonant with the requirements of due process, enter a default judgment against these Defendants over whom the Court lacks personal jurisdiction on the basis of Plaintiff's invalid service.

8.  In sum, the Court will grant Defendants' motion to vacate default and permit Defendants to answer, move, or otherwise reply to Plaintiff's Amended Complaint according to the Rules governing such pleadings.  The Court will, additionally,

deny Plaintiff's motion for default judgment.  The accompanying Order will be entered.


**March 29, 2011**          **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                             United States District Judge